Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

### for the

Middle District of Florida

Tampa Division

Jason A Jensen

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

BAYCARE BEHAVIORAL HEALTH, INC.,
BAYCARE ALLIANT HOSPITAL INC,
Scott Rivkees

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

Case No. 8:21 cv 473 MSS -AAS

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ✓ Yes ☐ No

2021 FEB 26   PM 2:26
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA
FILED

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if
needed.

| | |
|---|---|
| Name | Jason Adam Jensen |
| Street Address | 6 Arrowhead Rd |
| City and County | Kimberling City - Stone County |
| State and Zip Code | Missouri 65686 |
| Telephone Number | 402-598-1285 |
| E-mail Address | jasonajensen@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an
individual, a government agency, an organization, or a corporation. For an individual defendant,
include the person's job or title *(if known)*. Attach additional pages if needed.



Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | BAYCARE BEHAVIORAL HEALTH, INC. |
| Job or Title *(if known)* | Corporation owner/operator of facility at 8002 KING HELIE BLVD |
| Street Address | 7809 MASSACHUSETTS AVENUE |
| City and County | NEW PORT RICHEY - PASCO COUNTY |
| State and Zip Code | FLORIDA - 34653 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | BAYCARE ALLIANT HOSPITAL INC |
| Job or Title *(if known)* | Corporate Entity Owner/Operator of Hospital at 601 MAIN ST |
| Street Address | 601 MAIN ST |
| City and County | DUNEDIN - PASCO |
| State and Zip Code | Florida - 34698 |
| Telephone Number | (727) 734-6782 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | John Doe 1-3, Jane Doe |
| Job or Title *(if known)* | Administrator/Nurse |
| Street Address | 8002 KING HELIE BLVD |
| City and County | New Port Richey - PASCO |
| State and Zip Code | Florida - 34653 |
| Telephone Number | (727) 315-8663 |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | Scott Rivkees, M.D. |
| Job or Title *(if known)* | Florida Department of Health Surgeon General |
| Street Address | 4052 Bald Cypress Way |
| City and County | Tallahassee - LEON |
| State and Zip Code | Florida - 32399 |
| Telephone Number | (850) 245-4444 |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                     ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S. Code §1983 with regards to Fifth Amendment, Fourth Amendment, and Eighth Amendments, Americans with Disabilities Act (42 U.S. Code § 12101 et seq), 18 U.S. Code § 1341, Writ of Habeas Corpus (Article I, Section 9, Clause 2),

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*  Jason Adam Jensen                     , is a citizen of the

State of *(name)*  Florida                              .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*                              , is incorporated

under the laws of the State of *(name)*                                         ,

and has its principal place of business in the State of *(name)*

                                              .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)*                              , is a citizen of

the State of *(name)*                              . Or is a citizen of

*(foreign nation)*                              .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

        The defendant, *(name)*  BAYCARE BEHAVIORAL HEALTH, INC , is incorporated under

        the laws of the State of *(name)*  Florida    , and has its

        principal place of business in the State of *(name)*  Florida  .

        Or is incorporated under the laws of *(foreign nation)*    ,

        and has its principal place of business in *(name)*  New Port Richey, Florida  .

        *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

        The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

        Plaintiff was denied clothing in a 64 degree hospital waiting room with clear windows/door to the public. When plaintiff complained to defendant, defendant put plaintiff in isolation, then strapped him to a bed, then violated his body and right to privacy by injecting him with anti-psychotics without giving plaintiff informed consent as he was sleeping and was woke up by the needle going into his arm which then broke. With compensatory and punitive damages exceed $75k

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ATTACHED....
SEE ATTACHED.....
SEE ATTACHED.....
SEE ATTACHED.....
SEE ATTACHED.....
SEE ATTACHED.....

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE ATTACHED....
SEE ATTACHED.....
SEE ATTACHED.....
SEE ATTACHED.....
SEE ATTACHED.....
SEE ATTACHED.....

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:              02/23/2021

Signature of Plaintiff

Printed Name of Plaintiff     Jason Adam Jensen

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## II. Basis for Jurisdiction [Continued from Complaint Form]

2. The Defendant(s) [Continued from Complaint Form]

a. Persons

The defendant, Jane Doe, John Doe 1-3 , are a citizens of the State of Florida.

The defendant, Scott A Rivkees, in his official capacity, is the State of Florida's Surgeon General in executive authority of the Department of Health and a citizen of the State of Florida.

b. Corporations

The defendant, BAYCARE ALLIANT HOSPITAL INC , is incorporated under the laws of the State of *Florida* , and has its principal place of business in the State of *Florida* and has its principal place of business in *Dunedin, Florida*.

### III. Statement of Claim [To substitute the section from Complaint Form]

1. On or about 2/26/2019, Plaintiff Jason A Jensen ("JENSEN") was transported and Baker Acted by Pasco County Sheriff's to the "Crisis Stabilization Unit" of BAYCARE BEHAVIORAL HEALTH, INC. at 8002 KING HELIE BLVD, NEW PORT RICHEY, FL 34653-1435. JENSEN had been forcibly removed from his residence in his underwear by police.

2. Upon arrival, JENSEN was cold as hospitals routinely set air conditioning to 60-64°F, JENSEN requested clothing and stated he was "cold". JENSEN was repeatedly denied such basic necessities.

3. Jane Doe, an administrator or nurse at Baycare Behavior Health, repeatedly refused to provide clothing in the locked intake consisting of door/windows to the outside world, a "front desk", and a door to the remaining facility. A "lobby" for Baker Acted people.

4. After approximately 20 minutes while freezing cold in the Lobby, JENSEN was repeatedly refused clothing and Jane Doe yelled at JENSEN saying she couldn't provide anything until paperwork had been done for JENSEN and JENSEN's only option was to sit on a plastic chair in his underwear.

5. At this point JENSEN got reasonably upset and started complaining to the staff about lack of care which resulted in the staff determining JENSEN was "dangerous" (or similar – the exact reason is unknown as medical record are withheld) and placing JENSEN in a secure isolation room with a bed, no blankets nor clothing.

6. At this point JENSEN tried voicing himself by banging on the window and demanding clothing.

7. When staff of Baycare Behavior Health got tired of JENSEN's pleas for clothing they came into the isolation room in force and forced JENSEN into the bed with a 4 point restraint on his 2 arms and 2 legs.

8. After an hour or so, the staff came in and started to remove the restraints and when JENSEN grabbed the hand of John Joe, they resumed placing JENSEN into the restraints and left.

9. JENSEN fell asleep at this time.

10. After an indeterminate amount of time, JENSEN woke up with a pinch on his left arm, woke up while still restrained, to find staff injecting something with a needle in JENSEN's arm. Whatever substance it was put JENSEN out.

11. JENSEN did not gain consciousness until reaching BAYCARE ALLIANT HOSPITAL INC. located at 601 MAIN ST, DUNEDIN, FL 34698.

12. JENSEN had to go through an intake process where JENSEN was photographed for marks/bruises. JENSEN told the story and showed the nurse his scar above his vain on his left arm where the limb bends at the elbow – and the nurse dismissed it and said it just looked like a scratch.

13. JENSEN filled out a Writ of Habeas Corpus form as soon as possible.

14. BAYCARE ALLIANT HOSPITAL INC never filed that form with any competent court of jurisdiction.

15. JENSEN was released on or about 2/28/2019 and was billed 8,703.58 for "medical services".

16. On 3/22/2019 JENSEN filled out a HIPPA release form and requested his medical records.

17. On or about 3/26/2019, the "Release of Information Department" for BAYCARE ALLIANT HOSPITAL INC. refused access to the medical records stating that such release would "that the access is reasonable likely to endanger the life or physical safety of the patient or another person". The document is unsigned by any person. The medical records refused has the only copy of the Writ of Habeas Corpus form that JENSEN filled out and submitted to BAYCARE ALLIANT HOSPITAL INC.

18. On 4/15/2019 JENSEN requested the records from Baycare Behavior Health (King Helie).

19. On 4/23/2019, despite JENSEN requesting ALL MEDICAL RECORDS to be released to JENSEN's Father John Jensen, Baycare Behavior Health provided nothing more than a urine drug screen and an infection control checklist.

20. On 3/27/2019, JENSEN filed a complaint with the Department of Health for the State of Florida currently under the executive authority of Scott A Rivkees. JENSEN, however was refused any information about his own complaint based on the fact the medical services were provided for a Baker Act.

**IV. Relief [To substitute the section from Complaint Form]**

1.  Plaintiff requests Court order the release of all JENSEN's Medical Records being illegally withheld from JENSEN by Scott A Rivkees, BAYCARE BEHAVIORAL HEALTH, INC, and BAYCARE ALLIANT HOSPITAL INC.

2.  Plaintiff requests compensatory and punitive damages from BAYCARE BEHAVIORAL HEALTH, INC. for refusing clothing in a cold hospital room, then escalating the situation to isolation, the 4 point restraints, and then forcibly drugging JENSEN and breaking the needle in JENSEN's arm in the process under 42 U.S. Code § 1983 in denying JENSEN's Fifth Amendment for lack of complaint due process, Sixth Amendment for denying Right to evidence gathered (medical records) in the state Baker Act process, Fourth Amendment for forced drugging of JENSEN, and Eighth Amendments (denial of clothing to make uncomfortable by cold of patient JENSEN) in the amount of $1,000,000 (compensatory) and $10,000,000 (punitive).

3.  Plaintiff requests compensatory and punitive damages from BAYCARE ALLIANT HOSPITAL INC in the amount of $250,000/$1,000,000 for denying 6th Amendment Right to Due Process under 42 U.S. Code § 1983 in refusing to submit the Writ of Habeas Corpus form with a competent court of jurisdiction.

4.  Plaintiff requests declaratory relief against Scott A Rivkees, that using Florida Statutes 394.4615(8), or any other Florida Statute to deny access and participation in in the complaint process because of the nature of services being Civil Commitment or a Baker Act is a Violation of the Americans with Disabilities Act, Title II, which prohibits discrimination of services based on a disability.