UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON A. JENSEN,

    Plaintiff,

v.                                                    Case No. 8:21-cv-473-MSS-AAS

BAYCARE BEHAVIORAL HEALTH,
INC, BAYCARE ALLIANT HOSPITAL,
INC., JOHN DOE 1-3, JANE DOE, and
SCOTT RIVKEES,

    Defendant.
_____/

## ORDER

Jason A. Jensen, proceeding pro se, filed a complaint suggesting violations of the Americans with Disabilities Act (ADA) and 42 U.S.C. Section 1983. (Doc. 1). Mr. Jensen requests to proceed *in forma pauperis*. (Doc. 2).

Under 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." The right to proceed *in forma pauperis*, however, "is not absolute[;] it is a privilege extended to those unable to pay filing fees." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). An affidavit supports a finding of indigency if it shows that a litigant, "because of his

1

poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

Mr. Jensen failed to submit an affidavit of indigency. If Mr. Jensen requests to proceed *in forma pauperis*, he must provide adequate information for the court to determine whether he is indigent. While the court could deny Mr. Jensen's motion on this basis alone, the court will allow Mr. Jensen another opportunity to file an affidavit of indigency.

In addition, because Mr. Jensen requests to proceed *in forma pauperis*, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Although pro se pleadings are held to a less strict standard than pleadings drafted by attorneys, pro se litigants must still comply with the Federal Rules of Civil Procedure. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (quotation and citation omitted).

Mr. Jensen's complaint, liberally construed, attempts to allege violations of Title II of the ADA and 42 U.S.C. Section 1983.[1] (Doc. 1). Mr. Jensen

---

[1] Mr. Jensen previously attempted to obtain *in forma pauperis* status for similar claims and his motions were denied. *See Jensen v. State of Florida et al.*, No. 8:20-cv-00173-VMC-TGW, *Jensen v. BayCare Med. Group et al.*, No. 8:20-cv-00337-JSM-JSS.

requests monetary damages and declaratory relief. (*Id.*)

### A. Americans with Disabilities Act

Title II of the ADA prohibits a public entity from discriminating against "a qualified individual with a disability" because of the individual's disability. 42 U.S.C. 12132. To state a claim under Title II of the ADA, a plaintiff must show that: (1) plaintiff is a "qualified individual with a disability"; (2) plaintiff was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by such entity; and (3) plaintiff's treatment was based on his or her disability. *Shotz v. Cates*, 256 F.3d 1077, 1079 (11th Cir. 2001). Title II defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable modifications . . . or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

Mr. Jensen fails to plead a prima facie case under the ADA. Mr. Jensen does not allege that he is a "qualified individual with a disability," as required under Title II. In addition, Mr. Jensen does not allege that he intends to return to the named healthcare facilities, or that he suffered discrimination based on a disability. Mr. Jensen's allegations are conclusory and insufficient to

establish that he has standing, specifically he is not alleged facts to support that there is "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Shotz*, 256 F.3d at 1081. Thus, Mr. Jensen fails to allege a real and immediate threat of future injury required to establish standing.

When a plaintiff lacks standing, the court lacks subject matter jurisdiction to proceed. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam). The court will allow Mr. Jensen to amend his complaint to establish standing under the ADA.[2]

**B.     42 U.S.C. Section 1983.**

The relevant portion of Section 1983 states: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. A plaintiff alleges an actionable Section 1983 claim if his complaint includes facts showing his constitutional or federal

---

[2] Mr. Jensen is advised there is no private right of action for damages, or individual capacity liability, for ADA violations. *See, e.g., Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005); *Jairath v. Dyer*, 154 F.3d 1280, 1283 (11th Cir. 1998); *Bridgewater v. Potter*, No. 10-61137, 2011 WL 149318, at **2-3 (S.D. Fla. Jan. 18, 2011); *A.B. v. Seminole Cnty. Schl. Bd.*, No. 05-0802, 2005 WL 2105961, at *8 (M.D. Fla. Aug. 31, 2005).

4

rights were violated, and a person acting under color of state law committed the violation. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted).

The only named defendant that could arguably act under color of state law is Dr. Scott A. Rivkees, Florida's Surgeon General. Mr. Jensen states Dr. Rivkees "refused [to provide] any information about [Mr. Jensen's] complaint based on the fact that the medical services were provided for a Baker Act." (Doc. 1, p. 8). Based on the minimal information provided, Mr. Jensen fails to establish he was deprived his rights, privileges, or immunities secured by the Constitution and laws.

Mr. Jensen failed to raise a viable Section 1983 claim. The court will allow Mr. Jensen to amend his complaint to allege a claim for relief.

**C.     Pleading Requirements**

Federal Rule of Civil Procedure 8 establishes "[t]he bare minimum a plaintiff must set forth in the complaint." *Hunter v. Woods*, 2017 WL 6610889, at *1 (M.D. Fla. Nov. 3, 2017). It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Rule 10 requires that the complaint "state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or

occurrence ... be stated in a separate count." Fed. R. Civ. P. 10(b). Rules 8 and 10 "work together to require the pleader to present [her] claims discretely and succinctly, so that [her] adversary can discern what he is claiming and frame a responsive pleading, [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Mr. Jensen's complaint fails to meet the pleading requirements of the Federal Rules of Civil Procedure. It is unclear from the complaint which cause of action is brought against which of the named defendants. *See Lefont v. SunTrust Mortgage, Inc.*, No. 2:10-CV-036-RWS-SSC, 2011 WL 679426 at *5-6 (N.D. Ga. Jan. 27, 2011) report and recommendation adopted, No. 2:10-CV-000036-RWS, 2011 WL 674749 (N.D. Ga. Feb. 16, 2011) (quoting *Washington v. CSX Transp.*, No. C408-247, 2009 WL 1289032, at *2 (S.D. Ga. May 8, 2009)) ("[T]he *Twombly* pleading standard, even when applied to pro se plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that he is entitled to relief. Instead, the plaintiff must plead facts and law showing why he is entitled to relief. He thus must assert non-conclusory allegations supporting the elements of his claims.").

The court will allow Mr. Jensen to amend his complaint to comply with

the Federal Rules of Civil Procedure.

## III. CONCLUSION

Mr. Jensen's motion for leave to proceed *in forma pauperis* is **TAKEN UNDER ADVISEMENT** pending filing an affidavit of indigency and an amended complaint by **April 2, 2021**. Failing to timely do so will result in a recommendation of denial of the motion to proceed *in forma pauperis* and dismissal.

**ORDERED** in Tampa, Florida on March 2, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

cc:

Pro se plaintiff